# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 0:19-cr-00008-JNE-KMM-1 |
| Plaintiff, | |
| v. | **ORDER** |
| Peter Joseph McGibbon | |
| Defendant. | |

This matter is before the Court on the government's motion strike Mr. McGibbon's pretrial motions, which were filed on August 26, 2019. Mot. to Strike, ECF No. 52. Counsel for the government asserts that prior to the filing of the motions, she attempted to meet and confer with defense counsel by phone and email on five separate occasions between August 2nd and August 24th. *Id.* at 1–2. Additionally, the government notes that Mr. McGibbon's suppression motion lacks any citation to case law, makes only a bare allegation that there was no probable cause for his arrest, and the motion seeks review of two warrants for the existence of probable cause without any specific argument. *Id.* at 2–3.

In light of these facts, the government asks that Mr. McGibbon's pending motions be stricken from the record for failure to comply with D. Minn. LR 12.1(b). Motion to Strike at 3. The government asserts that Mr. McGibbon will not be prejudiced because he already filed pretrial motions in this matter,[1] and any concern for prejudice can be addressed by extending the period for defense counsel to file pretrial motions that are adequately supported, following a

---

[1] Mr. McGibbon previously filed motions that were addressed by the Court in an Order dated February 22, 2019. Order (Feb. 22, 2019), ECF No. 33. Those motions, filed shortly before the motion to assess Mr. McGibbon's competency to stand trial did not include any motions to suppress evidence. ECF Nos. 24–28.

conference with the government. *Id.* Defense counsel has not had time to respond to the motion to strike, but the Court has determined that a decision on this matter should not be delayed in light of the scheduled pretrial hearing.

The Court agrees with the government that the meet-and-confer requirement in Local Rule 12.1(b) serves useful and important functions, including crystallizing, narrowing, and illuminating the issues raised by criminal motions, as well as providing ample time for the government to coordinate witness schedules for any evidentiary hearing. And although striking pleadings is among the consequences the Court may impose for a violation of the Local Rules, D. Minn. LR 1.3, the government's motion to strike is **DENIED IN PART** and **GRANTED IN PART** as follows.

Under the circumstances of this case, striking Mr. McGibbon's motions and further delaying any evidentiary hearing following the refiling of these motion is neither necessary nor appropriate. Several of the government's attempts to communicate with defense counsel occurred while defense counsel was out of the office between August 12th and August 26th. Letter from M. Atwal to Menendez, J. (Aug. 2, 2019) at 2, ECF No. 42. The government's motion to strike suggests that defense counsel could have been more responsive to inquiries about the substance of the motions, and the suppression motion could have been more detailed. But removing the motions from the docket only to have them refiled accomplishes little, and the government does not specifically identify any harm that it suffers from allowing the motions to stand if the parties are able to engage in a conference about the issues now. Moreover, Mr. McGibbon's cognitive impairments clearly make more challenging defense counsel's ability to meaningfully communicate with him about the progress of the case and the issues to be

addressed. This reality weighs in favor of limiting the events that could create confusion about the process, which would be a likely result of striking the pending motions.

Rather than striking the motions, counsel are required to engage in an in-person meet-and-confer regarding the issues presented in Mr. McGibbon's pretrial motions, and the suppression motion in particular. This meet-and-confer must take place no later than close of business on September 5, 2019. The Court hopes that future communications between counsel can be informed by the collegiality and mutual professional courtesy that has historically existed between the United States Attorney's Office and the Office of the Federal Defender.

The government's alternative request for an opportunity to file a response to the merits of the motions is **GRANTED**. The government shall file a response to the pretrial motions **no later than September 10, 2019**. The September 12, 2019 hearing will take place as scheduled at 9:00 a.m. in Courtroom 8E in the Minneapolis courthouse.

**IT IS SO ORDERED**.

Date: August 30, 2019                                       *s/Katherine Menendez*
                                                            Katherine Menendez
                                                            United States Magistrate Judge